Filed 11/13/13  P. v. Howard CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B246720 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA079373) |
| v. | |
| EDWIN JEFFREY HOWARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Edwin Jeffrey Howard appeals from the judgment entered following his no contest plea to inflicting corporal injury upon a spouse or cohabitant and his admission that he inflicted great bodily injury upon the victim within the context of domestic violence and used a deadly and dangerous weapon, a knife. (Pen. Code, §§ 273.5, subd. (a), 12022.7, subd. (e), 12022, subd. (b)(1).) He contends the court abused its discretion by sentencing him to state prison. Finding no error, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Because defendant pled no contest to the charges against him, we provide an abbreviated statement of the evidence presented at the preliminary hearing.

The victim, Tina H., was defendant's girlfriend for 10 years. On December 2, 2011, she was living with defendant. That day, she and defendant had several arguments. The arguments culminated in defendant stabbing the victim in the stomach, cutting her colon. As a result, she underwent two surgeries and spent five to six days in the hospital.

On July 17, 2012, defendant completed a written felony advisement of rights, waiver, and plea form. The document set forth the terms of the plea agreement as follows: (1) defendant would undergo a 90-day diagnostic evaluation pursuant to Penal Code section 1203.03; and (2) he would receive no more than five years in state prison. Defendant entered his plea as set forth above.

On December 10, 2012, the trial court conducted a sentencing hearing. The victim stated she was still suffering in the aftermath of the attack, as she was living in a homeless shelter and battling mental issues. Defendant apologized for his conduct. The court, after noting that it had read the diagnostic evaluation and the probation report, imposed a five-year prison term, consisting of the low term on the underlying offense and the great bodily injury allegation. The one-year sentence for the use of the knife was stricken pursuant to Penal Code section 1385, subdivision (c).

2

## DISCUSSION

Defendant's appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On July 26, 2013, we sent a letter to defendant advising him that he had 30 days within which to submit any issues that he wanted this court to consider. To date, we have received no response.

Defendant urges the trial court erred when it denied probation and sentenced him to state prison. We disagree.

Initially, we note that defendant was presumptively ineligible for probation. Penal Code section 1203, subdivision (e) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: . . . [¶] (3) Any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which he or she has been convicted."

The trial court relied on defendant's use of a knife and the severity of the injuries he inflicted on the helpless victim and determined this was not an unusual case that justified a grant of probation. The decision to grant or deny probation is within the trial court's broad discretion and is subject to reversal only if it exceeds the bounds of reason after considering all of the facts and circumstances of the case. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311.) Here, there is no basis to alter the court's order.

We are satisfied no arguable issues exist and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

3

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

4